UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOHN MCAULIFFE,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
ALFRED LOBAITO, TAX # 943494,
AND JOHN DOES NOS. 1-9,

                Defendants.
----------------------------------------------------------X

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

2012 APR 12 PM 12:09

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

MAUSKOPF, J.
MANN, M.J.

Plaintiff, JOHN MCAULIFFE ("Plaintiff"), by his attorney Rae Downes Koshetz, Esq., for his Complaint alleges as follows:

### INTRODUCTION

1. This is a civil rights action seeking damages for Defendants' violation of Plaintiff's rights, privileges and immunities under the United States Constitution, as amended, and the Civil Rights Act of 1871, 42 U.S.C. Section 1983, the New York State Constitution, and New York State common law.

2. On November 24, 2011, Plaintiff was severely injured by Defendants in Staten Island, New York, after he was stopped by police on patrol. Plaintiff's injures were the direct and proximate result of Defendants' use of excessive force, assault, or failure to prevent same.

### THE PARTIES

3. Plaintiff is a citizen of the United States and resided in New York, New York at the time of the events giving rise to the complaint.



4. Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policies, practices, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of the NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

5. At all times relevant hereto, Defendant Police Officer Alfred Lobaito, Tax #943494 ("Lobaito"), was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of their employment as such.

6. At all times relevant hereto, Defendants John Does Nos. 1-9 ("the Doe Defendants"), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designations John Doe, were police officers of the New York Police Department, acting in the capacity of agents, servants, and employees of defendant City, and within the scope of their employment as such. Each of these officers is sued in his individual and official capacities.

7. All Defendants except the City of New York, including the Doe Defendants, will be referred to collectively as "the Officer Defendants."

## JURISDICTION AND VENUE

8.  This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Article I § 12 of the New York Constitution, and New York state common law.

9.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

10. The acts complained of occurred in the Eastern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

11. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 19-year-old, full time student at St. Francis College in Brooklyn, New York. At all relevant times herein, Plaintiff lived in Manhattan with his mother and younger brother, but spent time with his father, who is divorced from his mother and lived on Staten Island.

13. On the night of November 23, 2011, Plaintiff and several friends gathered on Staten Island for an evening of socializing at the beginning of the Thanksgiving holiday weekend. Plaintiff and his friends drank beers, ate, and conversed at several locations, the last of which was an empty churchyard in the vicinity of Bard and Forest avenues, within the confines of the 120 Precinct, Staten Island. At no time was there a citizen's complaint or claim by the police that Plaintiff or his companions were behaving in a disorderly fashion.

14. At about 3:15 a.m., a police patrol car proceeding on nearby City Boulevard approached and shined a spotlight on the group of young men. Plaintiff and his friends began to walk across the grassy yard toward Bard Avenue, at which point the same police car proceeded toward Bard Avenue at a high rate of speed.

15. Alarmed and fearful of the approach of a police car, Plaintiff ran a short distance away in one direction, then turned and ran a few feet in the opposite direction before he saw a second police car heading down Bard Avenue. Realizing that he had no reason to run, Plaintiff stopped on the sidewalk in front of 550 Bard Avenue and raised his arms in the air in order to show the police officers that his hands were empty.

16. Plaintiff was standing still, his hands still in the air, looking up Bard Avenue toward the second police car, when he was suddenly punched in the head from behind and knocked to the ground by one of the police officers. This punch was delivered without warning, provocation, or justification. Although Plaintiff did not see his assailant at the time, Defendant Lobaito later admitted having hit Plaintiff, causing Plaintiff to fall to the ground.

17. Plaintiff, having landed face down on the sidewalk, was immediately surrounded by several police officers who hit and kicked him repeatedly in the head and face. The officer who had delivered in first blow, later identified as Lobaito, falsely accused Plaintiff of having taken a swing at him, which Plaintiff denied. Plaintiff received up to ten separate blows from the Defendant officers, who repeatedly cursed at him and told him to stop moving. Plaintiff was not resisting, but was trying to cover his head with his hands to protect himself. One of the officers stood on Plaintiff's left wrist.

18. While Plaintiff was handcuffed and kept face down on the street, he was able to witness some of the Defendants huddling in conversation about what action to take. Upon information and belief, up to four patrol cars and two plainclothes units were at the scene at various points during this incident. Plaintiff was eventually placed in the backseat of a patrol car and taken to the 120 Precinct station house on Staten Island. After about an hour, he was given a summons charging him with Disorderly Conduct.

19. On February 8, 2012, the case against Plaintiff was dismissed for legal insufficiency by The Honorable Judith Levitt, Judicial Hearing Officer, in Staten Island Criminal Court.

20. As a result of the aforementioned assault by Defendants, Plaintiff experienced bleeding on the side of his head, a swollen ear, injury to his right eye, and head injuries later diagnosed as a concussion that has caused headaches and difficulty with eyesight and concentration in its aftermath. He also experienced pain in his jaw as a result of the blows inflicted by Defendants.

21. He continues to suffer occasional pain in his jaw at the time of this complaint.

22. Within ninety days after the claim alleged in this Complaint arose, a written Notice of Claim, sworn to by the claimant, was served upon the Defendants by personal delivery of the notice, in duplicate, to the Comptroller's office at One Centre Street, New York, New York.

23. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

24. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983
(Against the Officer Defendants)

25. Plaintiff repeats and realleges paragraphs 1 through 24 as if the same were fully set forth at length herein.

26. By using excessive force and assaulting Plaintiff or failing to prevent same, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

27. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

28. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officers Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
New York State Constitution, Art. I, § 12
(Against All Defendants)

30. Plaintiff repeats and realleges paragraphs 1 through 29 as if the same were fully set forth at length herein.

31. By using excessive force and assaulting Plaintiff or failing to prevent same, the Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York Constitution.

32. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article I, §12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

33. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by Article I, §12 of the New York Constitution.

34. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City,

as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Assault
(Against All Defendants)

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if the same were fully set forth at length herein.

37. Defendants, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

38. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's assault. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Battery
(Against All Defendants)

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if the same were fully set forth at length herein.

41. Defendants, acting within the scope of their employment, intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner struck Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

42. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's assault. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior</u>.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### **FIFTH CAUSE OF ACTION**
Negligence
(Against All Defendants)

44. Plaintiff repeats and realleges paragraphs 1 through 43 as if the same were fully set forth at length herein.

45. Defendants owed a duty of care to Plaintiff.

46. Defendants breached that duty of care by pulling, assaulting and attacking Plaintiff with extreme force and by causing Plaintiff to suffer, injury to his eye, ear and jaw, and a concussion.

47. As a direct and approximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

48. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

49. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's arrest, detention, and imprisonment during this period of time. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

**SIXTH CLAIM FOR RELIEF**
Negligent Hiring and Retention of
Employment Services
(Against All Defendants)

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if the same were fully set forth at length herein.

51. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

52. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

53. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

54. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were potentially dangerous.

55. Upon information and belief, Defendant City's negligence in hiring and retaining the Officer Defendants proximately caused Plaintiff's injuries.

10

56. Upon information and belief, because of Defendant City's negligent hiring and retention of the aforementioned Officer Defendants, Plaintiff incurred significant and lasting physical and mental injury.

WHEREFORE, Plaintiff respectfully request judgment against Defendants as follows:

(a) On the First Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under U.S.C. § 1988;

(b) On the Second Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(c) On the Third Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(d) On the Fourth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(e) On the Fifth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(f) On the Sixth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial;

(g) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       April 4, 2012

                                      RAE DOWNES KOSHETZ, P.C.

                                      By: Rae Downes Koshetz (RK0320)
                                      747 Third Avenue, 20th Floor
                                      New York, New York 10017
                                      (212) 308-2979
                                      Attorney for Plaintiff